Kenny v. USA                                                                                                                  Doc. 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:07-CV-00408-FDW
(3:01-CR-185-FDW-1)

| | |
|---|---|
| **LINWOOD GERALD KEENY,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

THIS MATTER comes now before the Court upon Petitioner's renewed request for an evidentiary hearing regarding the Government's alleged breach of an oral plea agreement. Based on its review of Petitioner's request, the Court has determined that additional information is needed from the Government before a decision can be made.

The Petitioner, proceeding pro se, does not state the authority under which he seeks an evidentiary hearing more than five years after the entry and acceptance of his guilty plea. (See Doc. No. 69, Case No. 3:01-CR-185-FDW.) However, it is clear to the Court that Petitioner's request is in fact a Motion to Vacate, Correct, or Set Aside his sentence pursuant to 28 U.S.C. § 2255. Therefore, Petitioner's renewed request for a hearing (Doc. No. 179, Case No. 3:01-CR-185-FDW) is hereby converted into a civil motion (Doc. No. 1, Case No. 3:07-CV-00408-FDW) wherein Petitioner seeks to collaterally attack his criminal sentence.

The relevant circumstances of Petitioner's request have already been summarized within an Order of this Court. (See Doc. No. 177, Case No. 3:01-CR-185-FDW). The following recitation

of the facts will suffice for purposes of Petitioner's renewed request. On May 5, 2002, Petitioner entered into a written plea agreement with Respondent. On May 17, 2002, Petitioner pleaded guilty to violations of 21 U.S.C. §§ 841(a)(1), 846 (conspiracy to possess with intent to distribute 50 grams or more of cocain base) and 18 U.S.C. §§ 924(c)(1), (j)(1) (using, carrying, and possessing a firearm during and in relation to a drug trafficking crime and, in the course of such crime, committing an act of murder). (See Doc. No. 69, Case No. 3:01-cr-185-FDW.) Petitioner was then sentenced to three hundred and sixty (360) months in prison. Petitioner now alleges that after his sentence he entered into an oral agreement with Assistant United States Attorney ("AUSA") Karen Marston in which she promised, in return for Petitioner's substantial assistance on certain matters, to bring a motion pursuant to Rule 35 of the Federal Rules of Criminal Procedure and seek to reduce Petitioner's sentence from thirty years to fifteen years. (See Doc. No. 159, Case No. 3:01-cr-185-FDW.) Based on the alleged breach of this oral agreement, Petitioner filed a Motion for Hearing before this Court on July 14, 2006. This Court denied Petitioner's motion because, among other things, "the defendant has failed to proffer a scintilla of evidence to support his all but absurd assertion of an oral, post-plea agreement for a reduced sentence." (Id. at 5.) In response, Petitioner has filed a renewed request for an evidentiary hearing regarding the alleged breach of the oral agreement.

Despite the fact that Petitioner has, once again, failed to bring to the Court's attention any evidence to support his allegations, the Court directs the Government to respond to Petitioner's allegations with an affidavit from AUSA Karen Marston concerning the circumstances surrounding the alleged oral agreement. The Government is directed to file this response within two weeks, on or before October 17, 2007.

IT IS SO ORDERED.

Signed: October 3, 2007

_____
Frank D. Whitney
United States District Judge